■ ARTHUR BOORD et al., Respondents, v. RAYMOND H. SCHOEPFLIN et al., Constituting the Town of Oyster Bay Board of Zoning Appeals, Appellants.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the Board of Zoning Appeals of the Town of Oyster Bay, dated March 9, 1972, which granted a variance for off-street parking on residentially zoned vacant lots abutting or near the residences of petitioners, the board appeals from a judgment of the Supreme Court, Nassau County, dated June 19, 1972, which annulled the determination and remitted the variance application to the board for further consideration, a further public hearing and rendition of a new decision. The board is hereby granted leave to take the appeal (CPLR 5701, subd. [c]). Judgment reversed, on the law, without costs, determination confirmed and petition dismissed on the merits. In our opinion, the board did not misinterpret the decision of December 3, 1971 by Mr. Justice Farley and the board's determination was made on competent findings, sufficient to support the grant of the variance. Gulotta, P. J., Latham, Cohalan, Benjamin and Munder, JJ., concur.

■ LOUIS BRUNO, Respondent, v. JILL BRUNO, Appellant.— In an action for annulment or divorce, in which the defendant wife counterclaimed for divorce or separation, defendant appeals, as limited by her briefs, from so much of a judgment of the Supreme Court, Kings County, entered June 7, 1972, as, after a nonjury trial, granted plaintiff an annulment, dismissed defendant's counterclaims and denied defendant alimony and a counsel fee. Judgment modified, on the law and the facts, by striking therefrom the first decretal paragraph, which granted an annulment. As so modified, judgment affirmed insofar as appealed from, without prejudice to an application by plaintiff to Special Term to amend the judgment to grant him a divorce. In our opinion, plaintiff failed to prove by a preponderance of the credible evidence that defendant had induced the marriage through willful misrepresentations concerning the status of her mental health and her desire to bear children. Plaintiff, therefore, was not entitled to a judgment annulling the marriage. However, the trial court also found that plaintiff would otherwise be entitled to judgment on his cause of action for divorce on the ground of cruel and inhuman treatment. We agree. The evidence was sufficient to establish that defendant had acted in a manner rendering it improper, if not unsafe, for the parties to continue to cohabit (Domestic Relations Law, § 170, subd. [1]). This court is unable to grant plaintiff a divorce, however, because he is not before us as an appellant. Latham, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur. [70 Misc 2d 284.]

■ CITY OF LONG BEACH et al., Respondents, v. SERIL CORP. et al., Appellants, et al., Defendants.— Order of the Supreme Court, Nassau County, dated May 3, 1973, affirmed, without costs. No opinion. Appeal from an order of the same court, dated June 28, 1973, dismissed, without costs. No appeal lies from an order denying a motion for reargument of a prior motion (Matter of Macku, 29 A D 2d 539). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.